UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>    v.<br>HARLAN LEROY KELLY JR., VICTOR MAKRAS,<br>            Defendants. | Case No. 21-cr-00402-RS<br><br>**ORDER GRANTING RENEWED MOTION TO SEVER AND DENYING MOTION IN LIMINE WITHOUT PREJUDICE** |

Defendant Victor Makras has presented a "Renewed Motion to Sever Defendants," seeking to be tried separately from his codefendant, Harlan Leroy Kelly, Jr. Makras has also filed a motion in limine, in which Kelly has joined, to exclude most of the evidence identified in the Government's disclosure made pursuant to Fed. R. Evid. 404(b)(3).

*Procedural propriety*

The Government complains the renewed motion to sever is an improper motion for reconsideration. The motion expressly argues the prior ruling "was incorrect," and provides a series of case citations for the proposition that a failure to grant a severance in the face of improper joinder is reversible error. Thus, Makras plainly is seeking "reconsideration" as that term is usually understood. The motion is not improper, however. First, the government has filed a superseding indictment. Although the changes in the superseding indictment in no way affect the misjoinder argument, as a technical matter the existing severance order does not apply to the

1    superseding indictment, making it procedurally appropriate for Makras to bring another severance
2    motion. That does not mean, of course, that a different analysis or result is likely to follow absent
3    some other change in circumstances, but Makras is permitted to bring the motion and make the
4    arguments.

5    Second, the government has now made its Rule 404(b)(3) disclosure. While that has no
6    bearing on the question of whether joinder was proper under Fed. R. Crim. P. 8, it does further
7    inform the analysis as to whether severance between defendants is warranted under
8    Fed. R. Crim. P. 14. Thus, there is no basis to deny the motion on procedural grounds.

*Joinder under Rule 8*

Makras has never argued, and does not do so now, that it would have been improper under Rule 8(b) to join him in an indictment with Kelly had the only counts been those related to the bank fraud, which were brought against both him and Kelly. Makras contends only that he could not properly be joined with Kelly in an indictment that includes the "honest services fraud" counts. Makras argues, therefore, that the prior ruling was in error to the extent it found there was no misjoinder even considering the indictment as a whole.

Even assuming Rule 8(b) rendered it improper to name Makras in an indictment that included the honest services fraud counts, however, Makras has pointed to no authority that the only appropriate remedy for such misjoinder is a severance between the defendants. While "severance" may indeed be required as a matter of law, there is no reason that severance of the counts giving rise to the misjoinder issue is not an available option if otherwise appropriate. For purposes of Rule 8, such a severance cures the misjoinder just as a severance between defendants would do—in either event there would be two trials, neither of which would involve counts or parties improperly joined under Rule 8. Thus, Makras' contention that the prior orders reached a legally impermissible result under Rule 8 fails.

*Severance under Rule 14*

The prior orders concluded that severance under Rule 14 was necessary to prevent undue prejudice to Makras, and that severing between the bank fraud counts and the honest services counts was the preferable approach to mitigating the risk of such prejudice. The government has now described the extensive range of evidence it believes can and should be properly admitted *as against Kelly* even in a trial that is limited to the bank fraud counts. Without reaching definitive conclusions as to how much of that evidence might be properly excluded pursuant to Makras' pending motion in limine or by rulings at the time of trial, it has become clear that balancing all the relevant interests supports a new result. Drawing the severance line between the defendants, instead of between the counts, will be a more effective way to ensure Makras' trial is fair to him, and will not impinge on any broader rights the government may have in the presentation of its case against Kelly. Accordingly, Makras' renewed motion for an order severing the trial against him from that against Kelly is granted. The trial against Makras on counts 1-4 of the superseding indictment shall commence as presently scheduled on August 15, 2022. A separate trial against Kelly on all the charges in the superseding indictment will be reset by a scheduling order to be issued in due course.

*Motion in limine*

In its present form the motion in limine presumes a joint trial of these two defendants and it is therefore subject to denial, without prejudice. The government's arguments in support of admissibility of the challenged evidence virtually all turned on the presence in the trial of Kelly as a codefendant. It does not automatically follow, however, that the government will not seek admission of at least some of the same evidence and/or other evidence potentially subject to analysis under Rule 404(b) in the separate trial against Makras. Accordingly, within one week of the date of this order, the government shall serve a revised Rule 404(b)(3) disclosure (or a statement that it intends to proffer no evidence it believes is subject to the Rule). Makras shall promptly thereafter file any motion in limine he contends is a necessary response to the disclosure.

**IT IS SO ORDERED**.

Dated: June 28, 2022

_____
RICHARD SEEBORG
Chief United States District Judge