BRIAN H GETZ, ESQ. (CSBN: 85593)
LAW OFFICES OF BRIAN H GETZ
90 New Montgomery Street, Suite 1250
San Francisco, CA 94105
Telephone: (415) 912-5886
Facsimile:  (415) 358-4770
Email: brian@briangetzlaw.com

JONATHAN MATTHEW BAUM (CSBN: 303469)
STEPTOE & JOHNSON LLP
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510)735-4558
Email: jbaum@steptoe.com

Attorneys for Defendant
HARLAN KELLY, JR.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERIA,<br><br>Plaintiff,<br><br>vs.<br><br>HARLAN KELLY, JR.,<br><br>Defendant. | Case No.: 3:21-CR-00402-RS<br><br>**DEFENDANT HARLAN KELLY, JR.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OTHER ACT EVIDENCE**<br><br>Trial Date:   June 26, 2023<br>Dept.          Courtroom 3 – 17th Floor<br>Judge:         Hon. Richard Seeborg |

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OTHER ACT EVIDENCE

**TABLE OF CONTENTS**

I.  Evidence Regarding the 2004 and 2013 China Trips Should be Excluded ........................... 2

    A.  The 2004 and 2013 China Trips Are Not Evidence of Kelly's Intent to Accept Bribes or Commit Honest Services Fraud Because There Was No "Exchange" ....................................... 2

    B.  Admitting Evidence Regarding the 2004 and 2013 China Trips Would Necessitate a Distracting Mini-Trial Related to Ed Lee and Other City Officials ........................................... 3

    C.  Evidence About Unrelated Prostitution Activity is Quintessential "Unfair Prejudice" ... 3

II. Evidence Regarding the Supposed Lie in 2011 to the DBI Should be Excluded .................. 4

    A.  Evidence About Kelly's Allegedly False Representations to the DBI is Prohibited Character Evidence ................................................................................................................ 4

III. Evidence Regarding Compliance with San Francisco Ethics Commission Regulations Should be Excluded .................................................................................................................. 5

IV. Evidence of Construction Work After the Indictment Period Should be Excluded .............. 6

V.  CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Amato*,
   540 F.3d 153 (2d Cir. 2008)................................................................................................5

*United States v. Anderson*,
   741 F.3d 938 (9th Cir. 2013) ..............................................................................................7

*United States v. Duran*,
   884 F. Supp. 558 (D.D.C. 1995) .........................................................................................5

*United States v. Hinton*,
   31 F.3d 817 (9th Cir. 1994) ................................................................................................3

*United States v. Kincaid-Chauncey*,
   556 F.3d 923 (9th Cir. 2009) ..............................................................................................3

*United States v. Mayans*,
   17 F.3d 1174 (9th Cir. 1994) ..............................................................................................3

*United States v. Ramirez-Robles*,
   386 F.3d 1234 (9th Cir. 2004) ............................................................................................4

*United States v. Vizcarra-Martinez*,
   66 F.3d 1006 (9th Cir. 1995) ..............................................................................................6

**Other Authorities**

Fed. R. Evid. 404 ...............................................................................................................4, 5, 7

Fed. R. Evid. 403 .......................................................................................................................5

## I. Evidence Regarding the 2004 and 2013 China Trips Should be Excluded

### A. The 2004 and 2013 China Trips Are Not Evidence of Kelly's Intent to Accept Bribes or Commit Honest Services Fraud Because There Was No "Exchange"

Honest services fraud requires there be an "exchange" of an official act for items of value. *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943 n.15 (9th Cir. 2009) ("Only individuals who can be shown to have had the specific intent to trade official actions for items of value are subject to criminal punishment on this theory of honest services fraud"); see also Ninth Circuit Model Criminal Jury Instruction 15.34 ("Second, the scheme or plan consisted of a [bribe] [kickback] in exchange for the defendant's services" (emphasis added)).

The Government's argument for why the 2004 and 2013 China trips should be admitted ignores this requirement. The Government argues that Harlan Kelly's alleged act of accepting payments from Walter Wong related to the 2004 and 2013 China trips "clearly demonstrates Kelly's intent during the 2016 trip – to take things of value given with the intent to influence his official acts." (Dkt. No. 250, at 9.) But the Government's evidence actually supports the opposite conclusion. Even if the allegations about the 2004 and 2013 trips were true (which they are not), evidence that Kelly allegedly accepted items of value from Wong in 2004 and 2013 but did not give Wong anything in return (despite Wong apparently wanting help at that time from the SFPUC) actually cuts the other way, showing that exchanging things of value for official acts was not Kelly's modus operandi at that time. See *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) ("the government . . . bears the burden of proving a logical connection between appellant's purported involvement in the previous [act] and a material fact at issue in the crime with which he is charged"); see also *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir. 1994) (404(b) evidence admissible where "charged and prior conduct were part of a pattern of abuse involving the same victim and . . . similar modus operandi").

Another way of saying this is that the Government's "intent" analysis focuses on the wrong person. Rather than using evidence related to the 2004 and 2013 China trips to demonstrate evidence of Kelly's intent, the Government instead argues that this evidence is relevant to prove the intent of Walter Wong. (Dkt. No. 250, at 10 ("Wong, seeking city business,

2
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OTHER ACT EVIDENCE

arranges and pays for defendant Kelly's expenses on a trip to China and Hong Kong at a time when Kelly is in a position to take official acts to benefit Wong's companies, and at a time when Wong is seeking to influence Kelly to use his position as a high-ranking SFPUC official to take official acts to benefit Wong.") (emphasis added).) This analysis might hold up if Wong were on trial, but Rule 404(b) requires that the evidence relate to the defendant. See *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004) (404(b) evidence must prove "a material element of the offense for which the defendant is now charged" (emphasis added). While the Government's evidence regarding the 2004 and 2013 China trips may be evidence of Wong's intent to influence Kelly, it says nothing about Kelly's intent (or lack thereof) to exchange something of value in return for an official act, and should therefore be excluded.

B. Admitting Evidence Regarding the 2004 and 2013 China Trips Would Necessitate a Distracting Mini-Trial Related to Ed Lee and Other City Officials

Contrary to the way the Government describes it—nearly two decades after the fact—the 2004 trip that Harlan Kelly took to China was not a solo jaunt with Walter Wong. To the contrary, nearly a dozen people traveled on that 2004 trip, including former City Administrator and later Mayor Ed Lee, one of Kelly's mentors. (Dkt. No. 250-2, at 2.) Kelly's primary reason for taking the trip in 2004 was because his mentor was also going. Admitting evidence about the 2004 China trip would require Kelly to put on evidence regarding why Mr. Lee decided to travel to China in 2004 and other evidence, far outside the scope of the Superseding Indictment in this case, about why certain City officials decided to travel to China and why, since decisions by those officials related directly to Kelly's decision to travel on any given trip.

Similarly, the 2013 trip was an official City trip, and a number of City officials, including Supervisor Aaron Peskin and his wife, Nancy Shanahan, attended. Admitting evidence related to the 2013 trip would require a distracting mini-trial to contextualize how official San Francisco trips functioned and how various officials decided whether or not to attend. None of this would be probative of any of the central issues in this case.

C. Evidence About Unrelated Prostitution Activity is Quintessential "Unfair Prejudice"

|   |   |
|---|---|
| 1 | The Government takes the position that evidence that Kelly supposedly consorted with prostitutes during the 2004 China trip would not be unduly prejudicial, because "[t]he services of prostitutes fall squarely into the category of an economic benefit, and as such are relevant." (Dkt. No. 250, at 12.) That would be a stronger argument if the charges in the Superseding Indictment had anything to do with the 2004 trip or with prostitution, but they do not. Rather, the law is clear that evidence of sex-related activity that does not relate directly to the charged offense should be excluded under Rule 403. See *United States v. Duran*, 884 F. Supp. 558, (D.D.C. 1995) (evidence of defendant's use of prostitutes is subject to exclusion because of unfair prejudice); *United States v. Amato*, 540 F.3d 153 (2d Cir. 2008) (excluding evidence about solicitation of prostitutes because probative value is substantially outweighed by risk of unfair prejudice). |

## II.     Evidence Regarding the Supposed Lie in 2011 to the DBI Should be Excluded

### A. Evidence About Kelly's Allegedly False Representations to the DBI is Prohibited Character Evidence

The Government's attempt to introduce evidence related to supposed lies Kelly told the Department of Building Inspection in 2011 is prohibited character evidence. The Government doesn't try very hard to hide this, arguing that evidence of Kelly's supposed lie to the DBI should be admitted because it shows Kelly "was willing to lie and deceive, including by making false representations to another city agency (despite being a public official himself)." (Dkt. No. 250, at 13). Rule 404 is clear that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Yet this is exactly what the Government seeks to do, arguing that Kelly's act of lying to the DBI "tends to show Kelly's intent in deceiving Quicken Loans[.]" (Dkt. No. 250, at 13.)

On top of being prohibited character evidence, the Government's evidence regarding the duplex issue is confusing and potentially misleading. For example, it is unclear how Kelly's decision to list his home as a duplex rather than as a single-family home on a permit application in December 2011 has anything to do with the supposed bank fraud that happened years later.

4
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OTHER ACT EVIDENCE

It's also unclear how this evidence has any connection to any supposed intent, motive, or modus operandi connected to the alleged bank fraud. On top of all this, admitting this evidence would require a distracting aside into Kelly's consideration in 2011 of whether the project should be a duplex or a single-family home, a question that is unrelated to the charged offenses.

### III. Evidence Regarding Compliance with San Francisco Ethics Commission Regulations Should be Excluded

The Government's evidence regarding Kelly's compliance with local regulations propounded by the San Francisco Ethics Commission, including various City forms he filled out and witness testimony interpreting City guidelines about whether a zero-interest loan constitutes a "gift," should be excluded under both Rule 404 and Rule 403.

Allegations that Kelly supposedly failed to make required disclosures is not directly related to the charges in the Superseding Indictment. See *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995) (404(b) evidence is admissible when it is necessary to "offer a coherent and comprehensible story" regarding the charged crimes). Additionally, this evidence improperly invites the jury to punish Kelly for committing a local regulatory violation. Lastly, if the Government were to offer this evidence, it would lead to a distracting mini-trial because the defense would be forced to dispute the Government's interpretation of the Ethics Commission's gift rules, which are anything but clear on the issue of whether they cover a zero-interest loan or market-rate construction work.

The Government's proffered explanation for why the Court should admit this evidence only underlines why this evidence should be excluded. The Government argues that the "signed Form 700s prove that Kelly was on notice of the requirements and restrictions covering gifts," but whether Kelly understood the City's ethics rules covering gifts is not in dispute. (Dkt. No. 250, at 15.) Kelly does not argue that he was not subject to local regulations concerning gifts, but instead that Wong did not give him anything of value and that he never exchanged any official act for a thing of value given by Wong.

Additionally, evidence concerning San Francisco ethics trainings risks confusing the jury about the mens rea requirement in this case. As outlined in the Ninth Circuit Model Jury

5
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OTHER ACT EVIDENCE

Instructions, to convict Mr. Kelly for honest services fraud, the jury must find that Kelly "devised or knowingly participated in a scheme or plan to deprive [the City of San Francisco] of [its] right of honest services," and that this "scheme or plan consisted of a [bribe] [kickback] in exchange for the defendant's services." Ninth Circuit Model Jury Instruction 15.34. The Government, however, argues that evidence regarding these City ethics trainings should be admitted to show the jury that Kelly "knew that it was improper for him to accept a stream of lavish benefits from Wong and his companies." (Dkt. No. 250, at 17.) This presents the jury an incorrect mens rea standard, because even if Mr. Kelly had accepted "lavish benefits from Wong" and knew that doing so was improper, that would be insufficient to convict Mr. Kelly absent a finding that he had agreed to an exchange of these benefits in return for an official act.

### IV.   Evidence of Construction Work After the Indictment Period Should be Excluded

Lastly, despite the fact that the Superseding Indictment alleges conduct through September 2017, the Government now seeks under the guise of Rule 404(b) to introduce evidence related to construction work Wong performed on Kelly's house and alleged official acts Kelly performed for Wong that occurred in 2018 and 2019. (Dkt. No. 250, at 18-20). None of this is "inextricably intertwined" with the charged conspiracy because it occurred years after the events in the charged conspiracy. See *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) (other act evidence is not necessary to tell a coherent and comprehensible story if "the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant without [the other act]").

Rather than being inextricably intertwined with the charged offenses, this is simply an attempt by the Government to expand the factual allegations in this case to cover a host of allegations never mentioned in the Superseding Indictment. If this evidence is admitted, the defense will be required to present rebuttal evidence on the same points, including showing that Wong's work in 2018 was shoddy and overpriced, and that the email exchanges that Wong and Kelly had in 2018 and 2019 did not represent an "exchange" of an official act for a thing of value. Additionally, admitting the government's new evidence concerning Kelly's alleged involvement in the 2018-2019 LED contract will require detailed testimony about the way the

SFPUC functioned in order to rebut the Government's unsupported allegation that, despite having no direct authority over the awarding of the LED contract, Kelly must have been involved because "[a]ll of the decisions at the SFPUC were under Mr. Kelly's authority." (Dkt. No. 250, at 20.)

## V. CONCLUSION

For the foregoing reasons, Mr. Kelly requests that the Court exclude the other acts evidence offered by the Government.

DATED: June 5, 2023                    STEPTOE & JOHNSON LLP

By:   /s/ Jonathan Baum
        JONATHAN BAUM

        Attorney for Defendant
        HARLAN KELLY, JR.