1  THOMAS COLTHURST (CABN 210020)
   Attorney for the United States
2
   KATHERINE WAWRZYNIAK (CABN 252751)
3  Chief, Criminal Division

4  DAVID WARD (CABN 239504)
   KRISTINA GREEN (NYBN 5226204)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Tel: (415) 436-7200
        Fax: (415) 436-7234
8       david.ward@usdoj.gov
        kristina.green@usdoj.gov
9

10 Attorneys for United States of America

11                      UNITED STATES DISTRICT COURT
12                     NORTHERN DISTRICT OF CALIFORNIA
13                           SAN FRANCISCO DIVISION
14

15 | UNITED STATES OF AMERICA, | ) | CR 21-0402 RS |
   |---|---|---|
16 | Plaintiff, | ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DENY THE GOVERNMENT'S REQUEST FOR A WITNESS INTERPRETER** |
17 | v. | ) | |
18 | HARLAN KELLY, JR, | ) | |
19 | Defendant. | ) | Hearing: June 30, 2023, 8:00 a.m.<br>Dept:    Courtroom 3, 17th Floor<br>Judge;   Honorable Richard Seeborg |
20

21
22      The government respectfully asks this Court to deny defendant Harlan Kelly's motion to deny
23 the government's request for witness Walter Wong to testify through a Cantonese-language interpreter.
24      Wong was born and raised in China, and his mother tongue is Cantonese. He came to the United
25 States when he was 20-years-old. While Wong understands and speaks English, he is not a fluent,
26 native English speaker. He often relies on others to write his emails and other correspondence in
27 English. At home and at work he communicates primarily in Cantonese. Further, Wong has suffered
28 two strokes, which has impacted his ability to communicate clearly in English. Wong is more

OPP. TO DEF'S MOT.
No. CR 21-0402 RS_____

comfortable speaking in Cantonese, particularly during formal court proceedings when he will need to fully and clearly understand the questions and be able to respond.

"[T]he appointment of an interpreter lies within the sound discretion of the trial judge, and the appointment of an interpreter will only be disturbed on appeal if the judge has abused that discretion." *United States v. Salsedo*, 607 F.2d 318, 320, (9th Cir. 1979). "A defendant who communicates well in English and has no primary reliance on a foreign language is not entitled to an interpreter under the Court Interpreters Act, 28 U.S.C. § 1827(d)(1)." *United States v. Catalano*, 974 F.2d 1343 (9th Cir. 1992). The threshold question is not whether Wong is "capable" of testifying in English but rather if he "communicates well in English *and* has no primary reliance on a foreign language." *See United States v. Catalano*, 974 F.2d 1343 (9th Cir. 1992) (emphasis added). Here, there is evidence that demonstrates the limits on Mr. Wong's ability to communicate fluently in English, as well as his reliance on Cantonese. In addition, the court should consider witness comfort, jury comprehension, and the court's time and resources. Wong is most comfortable testifying with the assistance of an interpreter. His primary and native language is Cantonese and he at times relies on assistance when communicating in English. Having an interpreter would also aid in jury comprehension. The *Salsedo* court determined that having an interpreter would "eliminate any serious problems with nuances in language." *Id.*

Finally, providing an interpreter would ensure smoother, more comprehensible testimony, which is in the Court's and the jury's best interest. The government has secured the service of a Court-certified Cantonese interpreter, and the defendant will have ample opportunity for cross-examination. Defendant's motion should be denied

DATED:	June 29, 2023                    	Respectfully submitted,

                                      	THOMAS A. COLTHURST
                                      	Attorney for the United States


                                      	/s/ *David J. Ward*_____
                                      	DAVID J. WARD
                                      	KRISTINA GREEN
                                      	Assistant United States Attorneys

OPP. TO DEF'S MOT.
No. CR 21-0402 RS_____