1  BRIAN H GETZ, ESQ. (CSBN: 85593)
   LAW OFFICES OF BRIAN H GETZ
2  90 New Montgomery Street, Suite 1250
   San Francisco, CA 94105
3  Telephone: (415) 912-5886
   Facsimile:  (415) 358-4770
4  Email: brian@briangetzlaw.com

5  JONATHAN MATTHEW BAUM (CSBN: 303469)
   STEPTOE & JOHNSON LLP
6  One Market Street
   Steuart Tower, Suite 1070
7  San Francisco, CA 94105
   Telephone: (510)735-4558
8  Email: jbaum@steptoe.com

9  Attorneys for Defendant
   HARLAN KELLY, JR.
10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14

15 | UNITED STATES OF AMERIA, | Case No.: 3:21-CR-00402-RS |

16 | Plaintiff, | **DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(b)(1)(c)** |

17 | vs. |

18 | HARLAN KELLY, JR., |

19 | | Judge:       Hon. Richard Seeborg |

20 | Defendant. |

21

22

23

24

25

26

27

28

DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 16(B)(1)(C)

Pursuant to Fed. R. Crim. P. 16(b)(1)(c), Defendant Harlan Kelly, Jr. makes the following supplemental disclosure:

## I.    CONSTRUCTION EXPERT ANTHONY FROYD

In addition to expert Michael Conrad, who was disclosed yesterday and to whom the Government did not object, Defendant Harlan discloses an additional retained construction expert Anthony Froyd in order to substitute for the defense's prior expert, Barry White, who has been hospitalized and indicated he is unable to testify.

Mr. Froyd is a California licensed general contractor with more than 30 years of experience in the construction industry, including 14 of those years as a licensed general contractor. During this time, he has managed residential products, including the construction of 7,700 single family homes in California. Since 2019, Mr. Froyd has worked as a construction consulting and forensic analyst for Blackstone Development, Inc., a firm specializing in contracts and field defect litigation. Prior to that, he spent 13 years as principal of a specialty contracting firm, High End Development, Inc., in Benicia, California, where he managed all phases of residential construction projects and handled project schedules, budgets, insurance requirements, risk management, and quality control. He has testified in depositions and arbitrations, but has not previously testified in Court.

Mr. Froyd's testimony will be based on his expert experience over the past 30 years working in the construction industry in California. He has reviewed invoices sent by Walter Wong to Harlan Kelly, and has spent several hours examining the work Mr. Wong did in the Kelly home on July 6, 2023. Mr. Froyd expects to testify that: (1) the 27 percent markup that Wong charged Kelly is high compared to the industry standard of 15 percent for similar work that does not involve direct oversight of subcontractors; (2) the work that Mr. Wong performed on the Kelly residence—including installation of prefabricated railings, a garage door, a prefabricated fireplace mantel, and artificial turf in the back yard—was largely cosmetic and did not require the number of labor hours for which Mr. Wong billed Mr. Kelly; and (3) the work Mr. Wong billed Mr. Kelly for concerning water damage repairs was overpriced considering the

DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 16(B)(1)(C)

scope of the work and the labor that would have been required for such repairs. Mr. Froyd may also testify regarding the ability of contractors and subcontractors to obtain mechanic's liens under California law and local regulations and policies.

Additional information regarding the actual opinions Froyd will offer and the bases for each opinion is outlined below:

### 1. Expert Opinion on Wong Billing Practices

Mr. Froyd will testify that Wong's practice of adding a 15 percent cost markup and a 12 percent profit markup (for a combined markup of 27 percent) is high compared to the industry standard, which is closer to 15 percent. Mr. Froyd will testify that, given that his work mostly consisted of purchasing items that were installed directly by the vendor, Mr. Wong's role was more akin to a supply broker rather than a general contractor, and he was subject to far less risk than a general contractor and did not directly manage or oversee the installation of the majority of the items he purchased.

These opinions are based on Froyd's review of Invoice 14-10008 for $89,807.80 from Walter Wong, dated October 27, 2014. These opinions are also based on Froyd's career working in residential construction, including overseeing home remodeling projects in the San Francisco Bay Area, managing subcontractors, and handling the invoicing of clients. These opinions are also based on Froyd viewing the work Wong did on the Kelly home during a visit on July 6, 2023.

### 2. Expert Opinion on Scope of Work Wong Performed

Froyd will testify that the scope of the work Wong did on the Kelly remodel project largely consisted of hiring other vendors to install specific items. Froyd will testify that few of the projects that Wong included on his invoice appeared to involve significant labor provided by Wong, and that because many of the items that Wong billed as "materials" also included installation provided by the vendor, Wong's true "materials" cost was far lower than the amount he billed to Kelly. This includes an analysis of the purchases that Wong made for prefabricated railings, the garage door, front steps, fireplace mantel, shower doors, tile, and artificial turf, among other items.

DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 16(B)(1)(C)

These opinions are based on Froyd's review of Invoice 14-10008 for $89,807.80 from Walter Wong, dated October 27, 2014. These opinions are also based on Froyd's career working in residential construction, including overseeing home remodeling projects in the San Francisco Bay Area, managing subcontractors, and handling the invoicing of clients. These opinions are also based on Froyd viewing the work Wong did on the Kelly home during a visit on July 6, 2023.

3. **Expert Opinion on Water Damage Repairs Conducted by Wong**

Froyd will testify that the amount Wong attempted to charge Kelly for repairing water damage in 2018-2019 was overpriced. Specifically, Froyd will testify that the area where the water leak originated was a relatively small light well on the top level, and as such, the total amount for a repair should have cost no more than $7,000 in labor and $1,500-2,000 in materials. Froyd's analysis will consider repair involving the subfloor, waterproof coating, finish product (slate), siding and trim, flashing, paper product, and drywall.

These opinions are based on Froyd's review of invoices provided by Wong to Kelly in 2018-2019 concerning water damage repairs. They are also based on Froyd's experience conducting repair of water damage in the San Francisco Bay Area. These opinions are also based on Froyd viewing the work Wong did on the Kelly home during a visit on July 6, 2023.

4. **Opinions Regarding Mechanic's Liens**

As a California licensed general contractor for the past 14 years, Froyd will testify about the ways members of the construction trades utilize mechanic's liens in relation to residential remodel projects. His testimony will be based on his professional understanding of the ability for both general contractors and subcontractors to file liens on particular projects, as well as the time limitations concerning liens.

This opinion is based on Froyd's 14 years of experience as a general contractor, including his experience managing subcontractors and overseeing large residential and commercial projects.

DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(B)(1)(C)

## II.   RANDY PARENT

Defense expert Randy Parent was disclosed as an expert in Defendant's prior Rule 16 disclosures dated April 21 and May 8, 2023 (Dkt. Nos. 224 and 227). Defendant files this supplemental disclosure to clarify that, in addition to testifying about competitive bidding requirements and procedures and efforts made by the PUC to encourage more local bidders to participate in the bidding process, as previously disclosed, Mr. Parent may also testify about his understanding of policies and procedures concerning disclosure of information related to procurements that applied during his time working with the Public Utilities Commission and Defendant Harlan Kelly, Jr.

The Government has elicited testimony concerning this subject from multiple witnesses it has called in this case, including Ivy Fine and Alaric Degrafinfied, who are also both lawyers involved in procurement with the PUC. The defense's view is that that Court has not previously classified testimony concerning the individual witness's personal experience and understanding of PUC and City policies concerning disclosure as expert testimony, and should not do so for the first time with the defense's witness, Mr. Parent. However, to the extent that the government may assert this constitutes expert testimony, the defense discloses its intent to elicit such testimony.

DATED: July 6, 2023

By: _/s/ Brian H Getz_
    BRIAN H GETZ
    JONATHAN BAUM
    Attorneys for Defendant
    HARLAN KELLY, JR.

DEFENDANT HARLAN KELLY JR.'S SUPPLEMENTAL DISCLSOURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(B)(1)(C)