THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    david.ward@usdoj.gov
    kristina.green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HARLAN KELLY, <br><br> Defendant. | Case No. CR-21-0402 RS <br><br> **UNITED STATES' RESPONSE TO DEFENDANT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS** <br><br> Trial Date: June 26, 2023 <br> Courtroom 3, 17th Floor <br> Judge: Hon. Richard Seeborg |

    Defendant Harlan Kelly seeks to modify the parties' Honest Services Wire Fraud Instruction, as adopted by the Court as Instruction 23, and the parties proposed instruction on intent, adopted by the Court Instruction 24. *See Dkt. 286.* Defendant Kelly also seeks to add three supplemental instructions. The government opposes defendant's modifications to Instruction 23, agrees to defendant's proposed additions to Instruction 24 related to official acts, objects to the addition of "corrupt intent," objects to defendant's proposed specific unanimity instruction, and does not oppose defendant's instruction regarding city ethics rules, but requests an additional sentence of instruction. The government objects to defendant's final proposed instruction.

### 1. Official Acts

Defendant Kelly seeks to add an instruction of what constitutes an "official act," drawing from the model instruction for bribery in violation of 18 U.S.C. § 201. The government agrees. While the Ninth Circuit model instructions for honest services wire fraud do not explicitly incorporate this definition, the Comments section notes that, in the Ninth Circuit, a bribe for honest services fraud requires at least an implicit *quid pro quo*, and as part of that, the defendant knew that the thing of value was offered with the intent that it be offered in return for an official act or acts. *Ninth Circuit Model Instruction 15.34 (Comment). See also United States v. Kincaid-Chauncey*, 556 F.3d 923, 943 (9th Cir. 2009). ("Only individuals who can be shown to have had the specific intent to trade official actions for items of value are subject to criminal punishment on this theory of honest services fraud."). Given this, the government agrees to defendant's Modified Version of Draft Jury Instruction 24. The government objects to a similar portion of the "official act" instruction being given in Instruction 23 as unnecessary and potentially confusing in light of the additions to Instruction 24, and the fact that Instruction 23 tracks the Ninth Circuit Model Instruction on Honest Services Fraud.

### 2. Corruptly

Defendant next seeks to add the term "corruptly" to the intent element of Instruction 23. The government objects. Corruptly refers to the intent requirement for Bribery, in violation of 18 U.S.C. § 201, not honest services fraud, and honest services fraud has a different intent instruction. The Court's Proposed Instruction 23 in this case, which tracks the Ninth Circuit's Model Instruction on honest services fraud, is the correct statement of the elements, including the intent element. This is the instruction that should be given.

### 3. Specific Unanimity

The government objects to a specific unanimity instruction in this case. As noted in the Ninth Circuit Jury Instructions comment on specific unanimity, "[i]n the typical case, a . . . general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cit. 2015, *citing United States v. Liu*, 631 F.3d 993, 1000 (9th Cit. 2011). Moreover, in an honest services fraud case, the quid pro quo need not be explicit, and an implicit quid pro quo need not concern a specific official act. *Kincaid-Chauncey*, 556 F.3d at 945-46

1

(citing Kemp, 500 F.3d at 282 ("[T]he government need not prove that each gift was provided with the intent to prompt a specific official act.")). A quid pro quo requirement is satisfied if the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official acts favorable to the donor. *Id.* at 943. "These principles are consistent with the appellate decisions cited by the Supreme Court." Ninth Circuit Model Instruction 15.34 (Comment).

Finally, defendant proposes in his instruction that the jury be instructed that they must agree "on what official act the defendant intended to do in return for the bribe." Even if the Court is inclined to give this instruction, the proposed language misstates the intent element by requiring that it be the official act "the defendant intended to do." But as agreed to by the parties in Instruction 24, "it is not necessary that the defendant had the power to or did perform that act for which he agreed to receive something of value, nor is it necessary that the defendant in fact intended to perform the specific official act, as long as he agrees to do so." Instruction 24 is a correct statement of the law. This proposed instruction should be excluded.

### 4. Ethics Violations Instruction

The defendant's next asks the Court to give its proposed additional instruction that the city ethics rules are not the law in this case, and that the jury must apply only the law that the Court provides. The government does not object to this instruction but requests that the Court include the following: "However, you may use evidence of the defendant's knowledge of, and compliance with city ethics rules in deciding whether the defendant knowingly violated his fiduciary duty as a public official."

### 5. Additional Instruction

The government objects to defendant's final proposed additional instruction regarding defendant's intent, which states that "the official must have had an intent to be improperly influenced in his official duties." This runs contrary to the parties' agreed-upon instruction on intent as reflected in Instruction 24. As the parties agreed in Instruction 24, and as reflected in the Supreme Court's holding in *McDonnell*, the defendant violates the honest services fraud statute if he accepts a thing of value, knowing that the thing of value is <u>given</u> with the intent to influence him to take official acts. *See McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016) ("Nor must the public official in fact intend to perform the 'official act,' so long as he agrees to do so. A jury could, for example, conclude that an

agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an 'official act' in return."); *United States v. Peleti*, 576 F.3d 377, 382 (7th Cir. 2009) ("[a]n officer can act corruptly without intending to be influenced; the officer need only "solicit or receive the money on the representation that the money is for the purpose of influencing his performance of some official act.")' *United States v. Myers*, 692 F.2d 823, 841-42 (2d Cir. 1982) (noting that "being influenced' does not describe the [recipient's] true intent, it describes the intention he conveys to the briber in exchange for the bribe" and holding that an official commits bribery if he gives "false promises of assistance to people he believed were offering him money to influence his official actions"). *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("[t]o establish such bribery the government must prove beyond a reasonable doubt that there was a *quid pro quo,* ... that the benefit was offered in exchange for the official act . . . where there is a stream of benefits given by a person to favor a public official, . . . it need not be shown that any specific benefit was given in exchange for a specific official act. If you find beyond a reasonable doubt that a person gave an official a stream of benefits in implicit exchange for one or more official acts, you may conclude that a bribery has occurred.").

DATED:   July 9, 2023                          Respectfully submitted,

                                               THOMAS A. COLTHURST
                                               Attorney for the United States


                                               /s/ *David J. Ward*
                                               DAVID J. WARD
                                               KRISTINA GREEN
                                               Assistant United States Attorneys