THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    david.ward@usdoj.gov
    kristina.green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-21-0402 RS |
| Plaintiff, | **UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY** |
| v. | Trial Date: June 26, 2023 |
| HARLAN KELLY, | Courtroom 3, 17th Floor |
| Defendant. | Judge: Hon. Richard Seeborg |

## I. INTRODUCTION

Two days ago, counsel for defendant Harlan Kelly disclosed to the government for the first time that they intend to have one of their proposed expert witnesses, San Francisco Deputy City Attorney Randy Parent, testify as to his legal opinions regarding the Sunshine Act. None of this proposed testimony was disclosed in defendant's initial expert disclosure filed on the deadline of April 21, 2023, nor in a supplemental disclosure on May 8, 2023. The first notice the government received was July 6, 2023, less than 12 hours before the government rested its case-in-chief. On July 7, 2023, the San Francisco City Attorney notified government counsel and counsel for the defendants in writing that it had learned that Mr. Parent had just been subpoenaed, and that it objected to Mr. Parent being called as an uncompensated expert witness on legal questions.

Mr. Parent's proposed testimony is improper expert testimony. The defendants have not satisfied the disclosure requirements of Rule 16(b)(1)(C), which was expressly designed to bar this exact situation; undisclosed expert testimony that has not been analyzed and properly challenged. Mr. Parent's legal opinions and the bases for them were not timely disclosed and are still largely unknown to the government. It is improper, and the government objects, to Mr. Parent being allowed to testify as an expert to legal opinions and as to defendant's state of mind.

Mr. Parent is a long-time friend of defendant Kelly. The government has no objection to Mr. Parent testifying as a percipient witness, including as to the practices and procedures at the PUC at the time, or as a character witness for defendant Kelly. But expert legal opinion testimony related to the facts of this case, the Sunshine Act, or defendant's state of mind is improper, untimely, and should be excluded.

## I. FACTUAL BACKGROUND

On April 21, 2023, the stipulated deadline for disclosure of expert testimony, defendant Kelly noticed as an expert witness Randy Parent, a Deputy City Attorney in the San Francisco City Attorney's Office. *Dkt. 224.* Defendant's description of Parent's proposed testimony read: "Mr. Parent may testify about competitive bidding requirements and procedures. He has negotiated change orders for public works construction contracts and can address that topic as well." *Id.* Defendant's disclosure made no mention of the Sunshine Act or any proposed testimony related to the disclosure of PUC documents

1

used in the bidding process for public procurements.

On May 8, 2023, at the government's request, the defendant filed an Amended Disclosure of Expert Witnesses for their three proposed experts. *Dkt. 227.* The description of Mr. Parent's testimony was largely repetitive, and again made no mention of the Sunshine Act, or of any testimony regarding the disclosure of information from any part of the PUC bid process. *Id.* The government did not object to Mr. Parent's testimony on the topics disclosed by defendant.

But on July 6, 2023, less than 12 hours before the government rested its case-in-chief, the defendant filed a *Supplemental Disclosure Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C)*, stating that, in regards to Parent's proposed expert testimony: "to clarify that, in addition to testifying about competitive bidding requirements and procedures and efforts made by the PUC to encourage more local bidders to participate in the bidding process, as previously disclosed, Mr. Parent may also testify about his understanding of policies and procedures concerning disclosure of information related to procurements that applied during his time working with the Public Utilities Commission and Defendant Harlan Kelly, Jr." *Dkt. 284.* This was not a clarification; it was the first disclosure of this proposed expert legal opinion testimony. Defendant's two-paragraph Supplemental Disclosure concerning Mr. Parent included no other description of Parent's legal opinions, nor the bases for them.

On July 7, 2023, the San Francisco City Attorney sent a letter addressed to both government and defense counsel in this case, stating that it was writing in response to a trial subpoena the defendant had just served on Mr. Parent. *See Declaration of David Ward in Support of Motion to Exclude Expert Testimony,* **Exhibit A** (July 7, 2023 Letter from San Francisco City Attorney David Chiu, signed by Deputy City Attorney Aaron Wiener).

The letter stated that the San Francisco City Attorney was writing "to object to Mr. Parent being called as an uncompensated expert witness on legal questions. This contemplated evidence is improper expert testimony, implicates attorney-client privileged communications and privileged attorney work product, is irrelevant, and could violate the Office's ethical limitations on legal advice." *Id.* The letter further stated that the City Attorney was writing now because "until July 3, Mr. Parent believed he would not be called to testify." *Id.*

2

According to the letter, counsel for defendant Kelly assured deputy city attorneys from the City Attorney's Office that defense counsel it was not intending to call Mr. Parent as an expert witness. *Id.* ("Mr. Baum told me that he was not looking for an expert, and was not just looking for anybody. He was looking for Mr. Parent because Mr. Parent knows the defendant, worked with him, and knows what the defendant was thinking with respect to the confidentiality of the documents at issue.").

On July 8, 2023, in response to a request for clarification from government counsel in this case, counsel for defendant Kelly informed government counsel, both in person and via email, that it did not intend to call Mr. Parent as an expert. *Id*. ("we are comfortable calling him as a lay witness.").

But in an email several hours later on July 8, in response to the government's request for further clarification, counsel for defendant Kelly wrote that they would seek to have Mr. Parent testify as an expert "if the Court says we need to in order to be able to ask him the same kinds of questions you guys asked Domingo, Fine, Tienken and Degrafinried." *Id.*

## II.     ARGUMENT

### A.     Defendant Kelly's Expert Disclosure Does Not Meet Rule 16's Disclosure Requirements

In December 2022, the expert disclosure requirements of Rule 16 were significantly enhanced. Under the new rules, if a defendant seeks to admit any testimony under Fed. R. Evid. 702, 703, or 705, the defendant must disclose to the government in a timely manner, all of the following: 1) a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case in chief; 2) the bases and reasons for them; 3) the witness's qualifications, including a list of all publications authored in the previous 10 years, and 4) a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16 (b)(1)(C)(iii). These Rule 16 disclosure enhancements were implemented to prevent the exact situation that has arisen here: unfair surprise at trial due to incomplete or untimely-filed expert disclosures.

Defendant Kelly's expert disclosure for Mr. Parent fails to meet Rule 16's requirements. Even with three disclosures (including one not made until the end of the government's case-in-chief), the defendant has failed to adequately disclose what Mr. Parent intends to testify to related to his legal opinions of the Sunshine Act, or as the disclosure phrases it, "policies and procedures concerning

3

disclosure of information."  None of the disclosures state what provisions of the Sunshine Act Mr. Parent intends to rely on for his legal opinions.  None of the disclosures identify which documents relevant to this trial that Mr. Parent has reviewed, if any, or why, in his legal opinion, the Sunshine Act would have allowed those specific documents to be disclosed.  Defendant's expert disclosures make no mention of how the Sunshine Act would apply to the LED Luminaires Contracts process generally, or even the extent of Mr. Parent's familiarity with the LED Luminaires contracts in this case.  Defendant's expert disclosures fail to describe any of Mr. Parent's proposed testimony as to under what circumstances as it relates to the Sunshine Act.

Undisclosed expert testimony such as this is exactly what Fed. R. Crim. P. 16's disclosure requirements are designed to prevent.  The Advisory Committee Notes to the 1993 Amendments to the rule make this clear.  *See* Fed. R. Crim. P. 16, Ad. Comm. Notes, 1993 Amendment.  ("[t]he amendment requires a summary of the bases relied upon by the expert. That should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703.").  The December 2022 revisions to Rule 16 broaden and increase each party's expert disclosure requirements, requiring "a *complete* statement of *all* opinions that the defendant will elicit from the witness in the defendant's case in chief, *and* the bases and reasons for them." Fed. R. Crim. P. 16 (Dec. 2022 Amendments) (italics added).

Defendant's bare-bones and untimely disclosures do not meet the requirements of Rule 16 and defendant's expert testimony should be excluded on this ground.

**B.     Parent's Testimony Is Improper Expert Legal Testimony**

While Fed. R. Evid. 702 allows for an expert to testify as to factual matters if they will help the trier of fact resolve a factual dispute, an expert is generally not allowed to testify as to his or her legal opinions. *See United States v. Brodie*, 858 F.2d. 492, 496-97 (9th Cir. 1988). This is why federal courts generally prohibit lawyers, professors and other legal experts from interpreting the law as *expert witnesses*.  This principle that experts should not be allowed to provide legal conclusions "is so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle. *See In re Initial Public Offering Sec. Litigation*, 174 F. Supp.2s 61, 64 (S.D.N.Y. 1991), quoting Thomas E. Baker, The Impropriety of Expert Witness Testimony on the Law, 40 U. Kan. Law

4

Rev. 325, 352 (1992). *See also United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984) (reversing trial court's decision to allow bankruptcy judge to testify regarding his interpretation of the Bankruptcy Act, stating that "[i]t is the function of the trial judge to determine the law of the case."). In addition, courts properly exclude legal expert opinion which applies the law to the facts. Many courts have held that the judge is the sole arbiter of the law and its application to the facts. *See Marx & Co. v. Diner's Club, Inc*. 550 F.2d 505, 508-11 (2d Cir. 1977); *Montgomery v. Aetna Cas. and Sur. Co*., 898 F.2d 1537, 1541 (11th Cir.1990) (finding that court abused its discretion by allowing expert witness to testify that defendant had a duty to hire tax counsel, stating "[a] witness also may not testify to the legal implications of conduct ....").

Here, while Mr. Parent's testimony is still unclear, the government assumes that he proposes to testify to his expert legal opinion that, under the Sunshine Act, documents may be disclosed to the public in certain instances. To the extent that this testimony is unrelated to the disclosures made in this case, it is irrelevant. To the extent that Mr. Parent is providing an expert legal opinion on the documents in evidence in this case, it is improper expert legal opinion testimony.

All of the city witnesses that the government called in its case (Ms. Fine, Ms. Domingo, Ms. Tienken, and Mr. Degrafinried) were percipient witnesses who worked on the LED lights RFPs and who testified as to their understanding of disclosure practices relevant to these RFPs. Mr. Parent is not similarly situated. The defendant has provided no evidence that Mr. Parent had any first-hand knowledge of the city contracts at issue in this case, the LED lights RFPs, or how the city's disclosure practices applied to the RFPs relevant to this case. Regardless, the government has no objection to Mr. Parent testifying as a percipient witness to the extent that he can. As the government's witnesses have done, Mr. Parent can testify as a lay witness as to his communications or interactions with Mr. Kelly, and his knowledge of PUC procedures in general at the time. But it is improper to allow him to testify, as an expert, to expert legal opinions about facts in this case.

C.     **Parent's Testimony Is Improper Expert Testimony as to Defendant's State of Mind**

Next, the defendant's expert testimony is designed to improperly bolster Mr. Kelly's credibility by improperly vouching for his state of mind. According to the San Francisco City Attorney, counsel for defendant Kelly stated that Mr. Parent "knows the defendant, worked with him, and knows what the

5

defendant was thinking with respect to the confidentiality of the documents at issue." *Ward Decl., Exhibit t A.* This is improper expert testimony. An expert may not opine on the state of mind or intentions of the defendant. *See Borawick v. City of Los Angeles*, 2021 WL 5770172 (C.D. Cal. July 13, 2021) (excluding expert testimony as to speculation as to any defendant's intention or state of mind."); *Omar v. Babcock*, 177 F.Appx. 59, 63 (11th Cir. 2006) (holding that an expert's testimony stating conclusions about the defendant's state of mind were inadmissible because she was not an expert on the state of mind of others); *Wiand v. Wells Fargo Bank*, WL 1819616, at *4 (M.D. Fla. May 7, 2014) (noting experts are not permitted to opine on the ultimate factual issue of whether or not party had knowledge of fraudulent activities).

As Fed. R. Evidence 704(b) makes clear, "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid 403 also directs to the Court to exclude evidence that would be unfairly prejudicial. Expert testimony that provides legal opinions or statements regarding the defendant's state of mind or intent lack relevance under Fed. R. Evid. 401, and would thus not assist the trier of fact under Fed. R. 702. But such testimony would provide an improper imprimatur of expertise on the testimony, and is thus unfairly prejudicial under Fed. R. Evid. 403.

### III. CONCLUSION

In this case, there is no evidence that the government is aware of that defendant Kelly sought or received legal advice or was otherwise advised by the City Attorney of the PUC that he was allowed under the Sunshine Act to disclose the documents that the government alleges he improperly disclosed to Walter Wong, If Mr. Parent has such evidence, he can and should be allowed to give that testimony as a percipient fact witness, if he may do so without violating any of his obligations not to disclose attorney-client privileged information or attorney-client work product.

//
//
//
//
//

6

But allowing Mr. Parent to testify as an expert to an unsupported and undisclosed expert legal conclusion that the disclosures were proper, and that defendant Kelly believed his actions were allowed under the Sunshine Act is nothing more than improperly expert legal opinion testimony, and improper expert testimony as to the defendant's state of mind and intent. That is impermissible expert testimony and should be excluded.

DATED: June 9, 2023

Respectfully submitted,

THOMAS A. COLTHURST
Attorney for the United States

/s/ *David J. Ward*
DAVID J. WARD
KRISTINA GREEN
Assistant United States Attorneys