UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARLAN LEROY KELLY JR.,<br><br>Defendant. | Case No. 21-cr-00402-RS-1<br><br>**ORDER ON MOTION TO EXCLUDE ADDITIONAL TESTIMONY BY RANDY PARENT** |

On July 6, 2023—well after the deadline for witness disclosures and on the eve of the end of the Government's case-in-chief—Defendant filed a "supplemental disclosure," which among other things, sought to "clarify" that a previously-disclosed witness Randy Parent might, "in addition to testifying about competitive bidding requirements and procedures and efforts made by the PUC to encourage more local bidders to participate in the bidding process," "also testify about his understanding of policies and procedures concerning disclosure of information related to procurements that applied during his time working with the [PUC] and Defendant." Dkt. 284 at 5. The Government has filed a motion to exclude this previously undisclosed testimony by Parent, on the basis that it was improperly disclosed in violation of Federal Rule of Criminal Procedure 16, or would qualify as improper expert legal testimony or improper expert testimony as to the Defendant's state of mind.

It is undoubted that permitting such expert testimony after such a late-breaking disclosure—which itself fails to provide the specific opinions and bases underlying those opinions—would engender unfair surprise at trial. Accordingly, the Government's motion to

exclude is granted; Parent may only testify as to the topics that were previously disclosed.

**IT IS SO ORDERED**.

Dated: July 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge