UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARLAN LEROY KELLY JR.,<br><br>Defendant. | Case No. 21-cr-00402-RS-1<br><br>**ORDER ON JURY INSTRUCTIONS** |

Defendant seeks the following five modifications or additions to the proposed jury instructions: (1) the addition of the definition of "bribe" to the honest services fraud instructions; (2) the addition of the definition of "official act" to the honest services fraud instructions; (3) the addition of an instruction requiring the jury to find "specific issue unanimity" on what official act Defendant intended to do in return for the bribe; (4) a limiting instruction explaining that the City of San Francisco's ethics rules and regulations are not the law the jury is to apply in the case; and (5) a limiting instruction on honest services fraud intent regarding the cultivation of friendship and receipt of hospitality.

**A. Definition of "Bribe"**

Defendant proposes adding two sentences relating to the definition of bribe to the jury instructions for honest services fraud,[1] to which the Government objects as unnecessary.

---

[1] "The defendant accepts a 'bribe' when he agrees to accept or receive something of value in return for being influenced in the performance of an official act. In order to find that the defendant accepted a bribe, you must find that the defendant acted 'corruptly,' that is, intending to be

1   Defendant's proposed first sentence furnishes a definition of bribe that may be helpful to the jury;
2   the Court is less concerned that the additions to the definitions of official act in a subsequent
3   construction will render this addition confusing.
4       Defendant's proposed second sentence will be added save for the final clause. Though the
5   Government objects that corrupt intent is borrowed from the statute for bribery in 18 U.S.C. § 201
6   and not explicitly referenced in the Ninth Circuit model instructions for honest service fraud, this
7   argument is not dispositive. Particularly after the Supreme Court's pronouncements construing 18
8   U.S.C. § 1346 to cover "only bribery and kickback schemes," courts frequently reference elements
9   and concepts from § 201—including corrupt intent—when discussing the appropriate instructions
10  for honest services fraud. *See, e.g.*, *Skilling v. United States,* 561 U.S. 358, 400, 130 S. Ct. 2896,
11  2926, 177 L. Ed. 2d 619 (2010) ("Unlike fraud in which the victim's loss of money or property
12  supplied the defendant's gain, with one the mirror image of the other, the honest-services theory
13  targeted corruption that lacked similar symmetry.") (citations omitted); *United States v. Martinez*,
14  994 F.3d 1, 7 (1st Cir. 2021) (explaining the requisite mental state "may be established by proving
15  the defendant had a 'bribery-like, corrupt intent' to deprive the public of honest services").
16      However, the Government is correct that the final clause ("that is, intending to be
17  influenced in the performance of an official act") contradicts other instructions explaining that, as
18  expressed in *McDonnell v. United States*, a defendant could be found guilty of honest services
19  fraud if he "received a thing of value knowing that it was given with the expectation that the
20  official would perform an 'official act' in return." 579 U.S. 550, 572 (2016). Honest services fraud
21  does not, therefore, specifically require an *intent* to be *influenced*. *See also United States v. Peleti*,
22  576 F.3d 377, 382 (7th Cir. 2009) ("[a]n officer can act corruptly without intending to be
23  influenced; the officer need only "solicit or receive the money on the representation that the
24  money is for the purpose of influencing his performance of some official act."). Because of the
25  potential jury confusion it would cause, this clause will be removed. The addition will therefore

27  influenced in the performance of an official act."

read as follows:

> The defendant accepts a "bribe" when he agrees to accept or receive something of value in return for being influenced in the performance of an official act. In order to find that the defendant accepted a bribe, you must find that the defendant acted corruptly.

### B. Definition of "Official Act"

Defendant seeks to add the definition of "official act" by including four paragraphs from the Ninth Circuit model jury instruction 10.1 to the intent instruction for honest services fraud. As the Government has agreed, this instruction will be added in its entirety.

### C. Specific Issue Unanimity

Defendant seeks to add an instruction regarding specific issue unanimity.[2] This will not be added. First, the Government is correct that honest services fraud need not concern a *specific* official act, which renders the proposed instruction unnecessary.[3] *United States v. Kincaid-Chauncey*, 556 F.3d 923, 945 (9th Cir. 2009) (describing the stream of benefits theory of bribery). Here, contrary to Defendant's argument, there is no evidence (such as a question from the jury) portending a genuine possibility of jury confusion that would warrant the instruction. Accordingly, Defendant's requested instruction—which as the Government identifies, is also a misstatement of the law—is denied.

### D. Limiting Instruction on City Ethics Rules

In light of all the testimony regarding the City of San Francisco's ethics rules and regulations with respect to gifts and disclosure of documents used in a bidding process, Defendant

---

[2] "To find that the defendant engaged in a scheme or plan consisting of accepting a bribe in exchange for an official act, you must all agree as to what official act defendant intended to do in return for the bribe."

[3] The Supreme Court in *Schad v. Arizona* has also explained that "[p]lainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict"; indeed, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line." 501 U.S. 624, 631–32 (1991); *see also Richardson v. United States,* 526 U.S. 813, 817 (1999) ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element. . . .").

seeks a limiting instruction explaining that those rules and regulations are not the law the jury is to apply to the case. The Government does not object, instead asking to include an additional sentence. Defendant's proposed language is proper to prevent potential jury confusion, as the Government's proposed sentence is a proper statement of the permissible purposes of the testimony regarding the ethics rules. Accordingly, the additional instruction will read as follows:

> The government has offered evidence regarding the defendant's alleged failure to comply with ethics rules and regulations propounded by the City of San Francisco. These City rules and regulations are not the law you are to apply in this case. You must apply only the law that the Court provides to you in these instructions. However, you may use evidence of the defendant's knowledge of, and compliance with city ethics rules in deciding whether the defendant knowingly violated his fiduciary duty as a public official.

**E. Limiting Instruction Intent for Honest Services Fraud (Friendship & Hospitality)**

Finally, Defendant requests an instruction that "[a] public official does not commit honest services fraud if his intent was limited to the cultivation of a personal, business, or political friendship. Rather, the official must have had an intent to be improperly influenced in his official duties. A public official's receipt of hospitality does not defraud the public of its right to honest services unless the public official accepts such hospitality with the intent to be influenced or deceive the public."

As explained above, honest services fraud does not specifically require an intent to be *influenced*. *McDonnell*, 579 U.S. at 572. Because this proposed instruction contradicts other instructions and may lead to potential jury confusion, it will not be given.

**IT IS SO ORDERED**.

Dated: July 10, 2023

_____
RICHARD SEEBORG
Chief United States District Judge