| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | MAY 9 2024 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1825 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00402-RS-1<br>Northern District of California,<br>San Francisco |
| v. | |
| HARLAN LEROY KELLY, Jr., AKA Harlan Kelly, Jr., | ORDER |
| Defendant - Appellant. | |

Before: CANBY and TASHIMA, Circuit Judges.

Appellant's motion for bail pending appeal (Docket Entry No. 10) is denied. Appellant has not shown that the appeal raises a "substantial question" of law or fact that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *see also* 18 U.S.C. § 3143(b)(1)(B).

The documents contained in the motions briefing (Docket Entry Nos. 10, 12, and 14) are not subject to automatic sealing under 9th Circuit Rule 27-13(d). The parties were therefore required to file motions to seal rather than Form 19 Notices of Sealing (Docket Entry Nos. 6, 11, and 13).

Within 21 days of this order, each party may file a motion to seal its respective motions and/or exhibits. The motion to seal must explain the specific reasons for sealing in this court, describe the potential for irreparable injury absent

sealing, and limit the request for sealing to the specific documents or portions of documents that merit sealing. 9th Cir. R. 27-13(e).

The Clerk will maintain the motions briefing under seal until the 21-day period expires, or until the motions to seal are resolved, if they are timely filed. If no motion to seal is timely filed, the Clerk may unseal the motions briefing.

The existing briefing schedule remains in effect.